IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELAY IP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAVVIS, INC., <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Relay IP, Inc. ("Relay IP") alleges the following for its complaint against Defendant Savvis, Inc.

### THE PARTIES

1. Plaintiff Relay IP, Inc. is a corporation formed under the laws of the state of Delaware having its principal place of business at 2331 Mill Road, Suite 100, Alexandria, VA 22314.

2. Defendant Savvis Inc. is a corporation organized under the laws of the state of Delaware with a principal office at 1 Savvis Parkway, Town & Country, MO 63017. Defendant Savvis Inc. may be served with process via its registered agent, Corporation Service Company, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### JURISDICTION AND VENUE

3. This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction over Defendant, as it is incorporated in this State.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and §1400(b), because Defendant resides in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,331,637

6. On July 19, 1994, U.S. Patent No. 5,331,637 (the "'637 Patent") entitled "Multicast Routing Using Core Based Trees" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '637 Patent is attached as Exhibit A hereto.

7. Plaintiff Relay IP is the sole and exclusive owner of all right, title, and interest in the '637 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '637 Patent. Relay IP also has the right to recover all damages for past, present, and future infringement of the '637 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has infringed and continues to directly infringe one or more claims of the '637 Patent, including at least Claim 1, by using the method claimed in distributing data and/or data feeds via distribution network(s), including but not limited to services provided in connection with Thomson Reuters Elektron Hosting, which practice the Protocol Independent Multicast-Sparse Mode standard ("PIM-SM") for multicast routing.[1] In practicing the PIM-SM standard in any aspect of its business, whether in testing equipment or in performing the method on a daily basis for its customers, Defendant directly infringes one or more claims of the '637 Patent, including at least Claim 1. Defendant's act of practicing the PIM-SM standard constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

---

[1] *See, e.g.*, RFC 4601 at http://tools.ietf.org/html/rfc4601.

9. As of the date on which Defendant receives notice of the filing of this lawsuit, Defendant has also induced its customers to directly infringe one or more claims of the '637 Patent, including at least Claim 1. Defendant has known about the '637 Patent and its applicability to the equipment manufactured and/or sold or leased by Defendant at least since it received notice of the filing of this lawsuit. Defendant knows that its equipment is designed to and is capable of enabling practice of the PIM-SM standard and that at least some of its customers, including but not limited to Thomson Reuters, purchase or lease that equipment in order to practice the standard. Defendant therefore also knows that its customers are infringing one or more claims of the '637 Patent, including at least Claim 1, when the customers implement the PIM-SM standard using Defendant's equipment.

10. Defendant specifically intends to induce infringement by its customers by providing equipment designed to enable customers to practice the PIM-SM standard and infringe at least Claim 1 of the '637 Patent. Defendant also encourages that infringement by providing product support and/or help forums for its customers who are using equipment provided by Defendant to establish systems and networks that practice the PIM-SM standard and infringe at least Claim 1 of the '637 Patent. For instance, Defendant provides product support and other documentation intending to assist its customers in practicing Claim 1 of the '637 Patent by operating in accordance with the PIM-SM standard.[2]

11. As a result of Defendant's direct and indirect infringement, Plaintiff Relay IP has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

---

[2] *See, e.g.*, http://www.savvis.com/en-us/industries/pages/finance_industry.aspx referencing Savvis' work with Thomson Reueters and its use of ATS and Savvis whitepaper available via Google entitled "Network Services: Savvis Application Transport Services [ATS]—Private IP + Internet."

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '637 Patent;

B. Enter judgment that Defendant has induced infringement of the '637 Patent;

C. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

D. Award any other relief deemed just and proper.

| | |
|---|---|
| May 3, 2013 | BAYARD, P.A. |
| OF COUNSEL: | /s/ Stephen B. Brauerman (sb4952)<br>Richard D. Kirk (rk0922) |
| Paul V. Storm<br>Sarah M. Paxson<br>GARDERE WYNNE SEWELL LLP<br>1601 Elm Street, Suite 3000<br>Dallas, Texas  75201<br>(214) 999-3000<br>pvstorm@gardere.com<br>spaxson@gardere.com | Stephen B. Brauerman (sb4952)<br>Vanessa R. Tiradentes (vt5398)<br>222 Delaware Avenue, Suite 900<br>Wilmington, DE  19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com |
| | *Attorneys for Plaintiff Relay IP, Inc.* |